ute Order Form (06/...)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 8941 | DATE | 3/4/2004 |
| CASE TITLE | Palmer-Boahene vs. Board of Trustees | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) □ Filed motion of [ use listing in "Motion" box above.]
(2) □ Brief in support of motion due _____.
(3) □ Answer brief to motion due_____. Reply to answer brief due_____.
(4) □ Ruling/Hearing on _____ set for _____ at _____.
(5) □ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) □ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) □ Trial[set for/re-set for] on _____ at _____.
(8) □ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) □ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  □ FRCP4(m)   □ Local Rule 41.1   □ FRCP41(a)(1)   □ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for summary judgment (41-1) is granted in part and denied in part. The motion is granted as to City Colleges' investigation of Ms. Palmer-Boahene and denied as to her race discrimination in hiring claim

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | 3 number of notices |
| ✓ Notices mailed by judge's staff. | MAR - 5 2004 date docketed |
| Notified counsel by telephone. | |
| Docketing to mail notices. | 15 docketing deputy initials |
| Mail AO 450 form. | |
| Copy to judge/magistrate judge. | 3/4/04 date mailed notice |
| MPJ  courtroom deputy's initials | mp mailing deputy initials |
| | Date/time received in central Clerk's Office |

Document Number: 64

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MARTHA H. PALMER-BOAHENE,   )
                            )
      Plaintiff,          )
                            )
v.                          )    No. 02 C 8941
                            )
BOARD OF TRUSTEES OF THE CITY )
COLLEGES OF CHICAGO, DIST. 508, )
                            )
      Defendant.          )
                            )

DOCKETED MAR - 5 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Marsha H. Palmer-Boahene claims that defendant Board of Trustees of the City Colleges of Chicago, District 508 ("City Colleges"), violated both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Count I), and 42 U.S.C. § 1981 (Count II) by discriminating against her on the basis of race and sex. Ms. Palmer-Boahene, an African-American female, alleges that City Colleges investigated her incidents of misadvising students because of her race, her sex, or both and that City Colleges denied her employment in a teaching position after her counseling position was eliminated because of her race. City Colleges now moves for summary judgment on both counts. I grant that motion as to City Colleges' investigation of Ms. Palmer-Boahene. It is denied as to her race discrimination in hiring claim.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter

of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); Fed. R. Civ. P. 56(c). Normally, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, in this case Ms. Palmer-Boahene has failed to comply with Local Rule 56.1, which requires her to file

> a concise response to the movant's statement that shall contain:
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

Local Rule 56.1(b). All of the statements in City Colleges' Rule 56.1(a) filing are therefore deemed admitted. Local Rule 56.1(b)(3)(B). *See, e.g., Brasic v. Heinemann's, Inc.*, 121 F.3d 281, 283-84 (7th Cir. 1997); *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316-17 (7th Cir. 1995).

Ms. Palmer-Boahene claims that City Colleges discriminated against her on the basis of both race and sex by investigating her and on the basis of race for failing to rehire her in a teaching position, in violation of both Title VII and § 1981.[1] As Ms.

---

[1] As Title VII and § 1981 discrimination claims are analyzed in the same manner, I will deal with both counts at the same time. *See, e.g., Eiland v. Trinity Hospital*, 150 F.3d 747, 750 (7th Cir. 1998).

2

Palmer-Boahene presents no direct evidence of discrimination, she must proceed under the *McDonnell-Douglas* burden-shifting analysis. *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a prima facie case under that analysis, Ms. Palmer-Boahene must show that (1) she is a member of a protected class; (2) she was meeting City Colleges' legitimate business expectations; (3) she suffered an adverse employment action; and (4) City Colleges treated other employees, not in the protected class, more favorably. *Ajayi v. Aramark Business Services, Inc.*, 336 F.3d 520, 531 (7th Cir. 2003).

As a woman and an African-American, Ms. Palmer-Boahene established herself as a member of a protected class. She has more difficulty establishing that she was meeting City Colleges' legitimate business expectations, as one of the actions she challenges is City Colleges' decision to investigate complaints about her professional competency.

To meet the third prong of the prima facie case, Ms. Palmer-Boahene must show that the challenged actions resulted in some material harm. An investigation does not constitute an adverse employment action. *Ajayi*, 336 F.3d at 531 (threats of demotion not sufficient). Although City Colleges found that Ms. Palmer-Boahene was unable to perform her duties as a faculty counselor, it chose not to recommend any discipline because of the previously-made decision to eliminate all of the faculty counselor positions. The

claims related to Ms. Palmer-Boahene's investigation fail. With respect to the denial of a teaching position, Ms. Palmer-Boahene can satisfy the third prong; denial of employment is a sufficiently material adverse action. *Crady v. Liberty National Bank and Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993).

The evidence on the fourth prong of the prima facie case does not establish defendant's right to summary judgment on Ms. Palmer-Boahene's race discrimination claim. Ms. Palmer-Boahene claims that two non-African-American women, Lynnel Kiely and Theresa Tylka, were similarly situated and more favorably treated. Ms. Kiely and Ms. Tylka were also faculty counselors who were subsequently employed by City Colleges as faculty in the Social Science department. The evidence is that they were initially told that they could not be hired because they lacked the requisite educational requirements. Ultimately, pursuant to a settlement, they were hired and given time to complete the education credits they lacked. There may be legitimate differences between these women and Ms. Palmer-Boahene that have nothing to do with race, but City Colleges has not met its burden of proof on this motion. City College's motion for summary judgment is denied on this claim.

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*
—————————————
**Elaine E. Bucklo**
United States District Judge

Dated: March 4, 2004

4